*This opinion is subject to administrative correction before final disposition.*

# United States Navy–Marine Corps
# Court of Criminal Appeals

Before
GASTON, BAKER, and MYERS
Appellate Military Judges

_____

**UNITED STATES**
*Appellee*

**v.**

**Jose A. Cabrera**
Sergeant (E-5), U.S. Marine Corps
*Appellant*

**No. 202100085**

_____

Decided: 26 July 2022

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge:
Keaton H. Harrell

Sentence adjudged 4 December 2020 by a special court-martial convened at Marine Corps Base Camp Lejeune, North Carolina, consisting of a military judge sitting alone. Sentence in the Entry of Judgment: reduction to E-1, confinement for 5 months, and a bad-conduct discharge.

For Appellant:
*Lieutenant Daniel O. Moore, JAGC, USN*

For Appellee:
*Commander Joshua M. Hawkes, JAGC, USN*
*Lieutenant John L. Flynn IV, JAGC, USN*

_____

**This opinion does not serve as binding precedent, but
may be cited as persuasive authority under
NMCCA Rule of Appellate Procedure 30.2.**

_____

PER CURIAM:

Appellant was convicted, pursuant to his pleas, of violation of a lawful general order, false official statement, four specifications of assault consummated by a battery, and aggravated assault in violation of Articles 92, 107, and 128, Uniform Code of Military Justice [UCMJ],[1] for hazing a subordinate Marine, making a false official statement during the investigation, assaulting four other Marines, and choking a sixth Marine into unconsciousness. In his sole assignment of error, he asserts that a punitive discharge is inappropriately severe, arguing that his record demonstrates sustained superior performance along with his willingness to enter into a plea agreement. We affirm the findings and sentence.

## I. BACKGROUND

While acting as platoon sergeant, Appellant hazed a Lance Corporal (LCpl) under his charge during classroom instruction, berating him for his out-of-shape appearance, for not speaking loudly enough, and for his inability to answer simple questions. Over an 18-month period, he physically assaulted five other Marines over whom he held a position of authority. He threw one Marine into a wall and struck him with his fists; he threw another Marine onto the ground; he slammed a Private First Class's night vision gear into the Marine's mouth, chipping his tooth; he slapped a LCpl in the face; and he placed another LCpl in a chokehold, rendering him temporarily unconscious. When questioned by his First Sergeant about the allegations of hazing and assault, Appellant provided a written statement falsely denying the allegations.

Appellant subsequently entered into a plea agreement in which he agreed to plead guilty at a special-court martial to the above-described offenses in exchange for the convening authority agreeing to a confinement range of three to

_____

[1] 10 U.S.C. §§ 892, 907, 928.

six months, and to withdraw and dismiss 12 other specifications. The agreement placed no limitation on the military judge's ability to adjudge a punitive discharge.

## II. DISCUSSION

We review sentence appropriateness de novo.[2] This Court may only affirm "the sentence, or such part or amount of the sentence, as the Court finds correct in law and fact and determines, on the basis of the entire record, should be approved."[3] In exercising this function, we seek to assure that "justice is done and that the accused gets the punishment he deserves."[4] The review requires an "individualized consideration of the particular accused on the basis of the nature and seriousness of the offense and the character of the offender."[5] In making this assessment, we analyze the record as a whole. We have significant discretion in determining sentence appropriateness, but we may not engage in acts of clemency.[6]

In light of the serious and repeated nature of Appellant's misconduct, which adversely impacted the service of six Marines under his authority and the Marine Corps' mission readiness, we find that the sentence including 5 months' confinement and a bad-conduct discharge is just, and that Appellant received the punishment he deserves. Despite evidence of his prior record of good service, the evidence reveals a year and a half of abusive behavior towards junior Marines by Appellant, who was a noncommissioned officer in a position of authority. The abuse included hazing and assaults that resulted in pain, embarrassment, a chipped tooth, and a LCpl passing out after being placed in a chokehold by Appellant, who then furthered his misconduct by denying to his First Sergeant allegations he knew to be true. The presentencing hearing did little to mitigate the egregious nature of the misconduct, about which two of the Marines testified they initially thought, "that's just how the Marine Corps is."[7]

---

[2] *United States v. Lane*, 64 M.J. 1, 2 (C.A.A.F. 2006).

[3] Article 66(d)(1), UCMJ.

[4] *United States v. Healy*, 26 M.J. 394, 395 (C.M.A. 1988).

[5] *United States v. Snelling*, 14 M.J. 267, 268 (C.M.A. 1982) (citation and internal quotation marks omitted).

[6] *United States v. Nerad*, 69 M.J. 138, 146 (C.A.A.F. 2010).

[7] R. at 154, 169.

Appellant's punishment was also the predictable result of the plea agreement he negotiated and voluntarily entered into with the convening authority. As Appellant acknowledged at trial, the agreement provided that he could be sentenced to a punitive discharge and a period of between three and six months' confinement. Thus, under the terms of the agreement the military judge could have sentenced Appellant to six months' confinement and a bad-conduct discharge. Instead, the military judge adjudged a sentence that included a bad-conduct discharge and only five months' confinement. The sentence was within the parameters of this agreement, and as we have previously stated, "we generally refrain from second guessing . . . a sentence that flows from a lawful pretrial agreement . . . ."[8]

After reviewing the record as a whole, we find the sentence is correct in law, appropriately reflects the matters in aggravation, extenuation, and mitigation presented, and should be approved.

## III. CONCLUSION

After careful consideration of the record and briefs of appellate counsel, we have determined that the findings and sentence are correct in law and fact and that no error materially prejudicial to Appellant's substantial rights occurred.[9]

The findings and the sentence are **AFFIRMED**.

FOR THE COURT:

S. TAYLOR JOHNSTON
Interim Clerk of Court

---

[8] *United States v. Widak*, No. 201500309, 2016 CCA LEXIS 172, *7 (N-M. Ct. Crim. App. Mar. 22, 2016) (unpublished); *see also United States v. Casuso*, No. 202000114, 2021 CCA LEXIS 328, *8 (N-M. Ct. Crim. App. June 30, 2021) (unpublished) (questioning an appellant's "claim of inappropriate severity when the sentence he received was within the range of punishment he was expressly willing to accept in exchange for his pleas of guilty").

[9] Articles 59 & 66, UCMJ.